```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

UNITED STATES OF AMERICA,   )
                            )
    v.                      ) CAUSE NO. 2:07 CR 25
                            )
ANGELA DIANE BENNETT        )
JOSE JAVIER LOERA, JR.      )

OPINION AND ORDER

This matter is before the court on the Motion for Severance filed by the defendant, Jose Javier Loera, Jr., on April 4, 2007. For the reasons set forth below, the motion is **DENIED**.

Background

On December 14, 2004, Angela Bennett was driving a Ford Explorer and her boyfriend, co-defendant Jose Javier Loera, Jr., was a passenger. After a routine traffic stop, Bennett gave the police officer permission to search the vehicle. With the assistance of a trained narcotics dog, the police discovered a hidden compartment with 21 kilograms of cocaine.

Neither Bennett nor Loera was the owner of the vehicle. Although the defendants gave conflicting stories concerning their whereabouts and their destination, both defendants denied any knowledge of the hidden compartment containing the cocaine. In particular, Bennett never gave a statement attributing the cocaine to Loera.

This matter currently is set for trial April 30, 2007. In his motion, Loera maintains that Bennett has indicated a willingness to testify at trial and that her testimony would prejudice his decision to remain silent.

Discussion

Federal Rule of Criminal Procedure 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. . . .

Loera alleges that a severance is required because Bennett gave a written statement to the police, the statement would be admissible if she testified, and her testimony would highlight the defendant's right to remain silent.

Loera has not alleged sufficient prejudice to require separate trials. In *United States v. Ramirez*, 45 F.3d 1096 (7th Cir. 1995), the Court of Appeals stated:

> There is a presumption that co-conspirators who are indicted together are properly tried together. Where defendants are properly joined under Federal Rule of Criminal Procedure 8(b), a district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.
>
> 45 F.3d at 1100

See also *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006) ("The preference is for a joint trial of defendants who were indicted together . . . ."); *United States v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002)("a defendant must demonstrate that the denial of severance caused him 'actual prejudice' that deprived him of his right to a fair trial; it is insufficient

that separate trials would have given a defendant a better opportunity for an acquittal"); *United States v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001); *United States v. Mietus*, 237 F.3d 866, 873 (7th Cir. 2001).

Because Bennett is not expected to implicate Loera in her testimony, this motion to sever does not involve a typical antagonistic defense.  In a general sense, however, Loera is claiming that Bennett's defense would be prejudicial to him.

Even if Bennett's trial strategy is considered antagonistic to Loera, "[t]he mere presence of mutually antagonistic defenses does not require severance."  *Carrillo*, 435 F.3d at 778.  If Loera is concerned that the jury may draw an adverse inference from his silence, he can request a cautionary instruction. *Carrillo*, 435 F.3d at 779; *United States v. McClurge*, 311 F.3d 866, 872 (7th Cir. 2002); *United States v. Alpern*, 564 F.2d 755, 761 (7th Cir. 1977).  *See generally* Wright, *Federal Practice and Procedure:* Criminal 3d §225.

For the foregoing reasons, the Motion for Severance filed by the defendant, Jose Javier Loera, Jr., on April 4, 2007, is **DENIED**.

ENTERED this 18th day of April, 2007

                                      s/ ANDREW P. RODOVICH
                                      United States Magistrate Judge