UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:07-CR-25 PS |
| | ) | |
| | ) | |
| ANGELA DIANE BENNETT and | ) | |
| JOSE JAVIER LOERA, JR. | ) | |

**OPINION AND ORDER**

Defendants Jose Javier Loera and Angela Diane Bennett have filed motions to dismiss their indictments. They allege that the present indictments, brought by the government two months after their original indictments were dismissed without prejudice, violate their constitutional and statutory rights to a speedy trial. The Court disagrees, and therefore denies Defendants' Motions to Dismiss.

**I.  BACKGROUND**

Defendants were indicted on May 4, 2005 in case number 2:05-CR-66 in the Northern District of Indiana. The case was subsequently continued several times for various reasons.[1] On November 20, 2006, Defendants filed motions to dismiss their indictments based on violations of the Speedy Trial Act. Although their motions made a passing reference to their right to a speedy trial as guaranteed by the United States Constitution, they made no argument whatsoever regarding the alleged Constitutional violation.

The Court found that an over four-month delay was improperly excluded from the computation under the Speedy Trial Act. Accordingly, it granted Defendants' Motions to

---

[1] *See* 12/4/2006 Order [DE 109] for a fuller description of the circumstances regarding the continuances.

Dismiss, but the dismissal was without prejudice. The Court noted at the time that Defendants' entire memorandum revolved only around the Speedy Trial Act violations. Therefore, any claim that the government violated Defendants' Sixth Amendment right to a speedy trial was not before the Court.

The government then re-indicted Defendants on February 7, 2007 in the current case, 2:07-CR-25. On April 9, 2007, Defendants filed Motions to Dismiss their indictments with prejudice.

## II. DISCUSSION

Defendants first argue that the new indictments violate the Speedy Trial Act. In particular, 18 U.S.C. § 3161(c)(1) mandates that a defendant's trial commence within seventy days from the date the defendant has appeared before a judicial officer. Defendants argue that because they first appeared before a federal judicial officer in the first indictment on June 27, 2005, this section of the Act has been violated. (Loera Mem. at 6.) This argument fails based on the explicit language in the statute. As § 3161(d)(1) states:

> If any indictment or information is dismissed upon motion of the defendant, . . . and thereafter . . . an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

Accordingly, when the first indictment is dismissed at the defendant's request, the clock begins to run anew with the re-indictment. *See United States v. Perez*, No. 00 CR 211, 2002 WL 1461504, at *2-*3 (N.D. Ill. July 3, 2002) (holding that the 70-day clock begins again when the court dismisses the initial indictment without prejudice pursuant to the Speedy Trial Act on

defendant's motion) (citing *United States v. Feldman*, 761 F.2d 380, 388 (7th Cir. 1985) & *United States v. Menzer*, 29 F.3d 1223, 1227 (7th Cir. 1994)).

Defendants' next argument is that the delay that occurred in the previous indictment (2:05-CR-66) violated their Sixth Amendment right to a speedy trial. (Loera Mem. at 7.) Defendants' trial is set to begin on April 23, 2007, roughly 75 days after the indictment was returned in this case. That is, of course, not a delay that amounts to a constitutional speedy trial violation. But Defendants make a different argument. They claim that the constitutional delay that we need to address is the time from return of the original indictment (in May of 2005) to the date of trial in this case. (Loera Mem. at 8.) But this argument conflates the two cases. The time for Defendants to complain about the constitutional delay in the first case was in that case. Yet Defendants never made the constitutional argument in that case. As discussed above, Defendants' Motion to Dismiss the original indictment was based exclusively on the violation of the Speedy Trial Act. They made no argument under the constitutional right to a speedy trial. The right to a speedy trial under the Speedy Trial Act, and the right to a constitutional speedy trial, are distinct. *United States v. White*, 443 F.3d 582, 588 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 302 (2006). Preserving one argument does not preserve the other.

Therefore, by failing to properly raise or brief the constitutional argument in the previous case, Defendants have waived it. *See Blise v. Antaramian*, 409 F.3d 861, 866 n.3 (7th Cir. 2005) ("The failure to develop an argument constitutes a waiver."); *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We have repeatedly made clear that perfunctory and undeveloped arguments that are unsupported by pertinent authority, are waived (even where

3

those arguments raise constitutional issues.")).

In any event, the constitutional argument has no merit. To determine whether a constitutional speedy trial violation has occurred, we apply the following four-part test: (1) whether the delay before trial was uncommonly long; (2) whether the government or the criminal defendant was more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as the delay's result. *White*, 443 F.3d at 589. The first prong, length of delay before trial, is a "triggering mechanism: without a delay that is presumptively prejudicial, we need not examine the other factors." *Id.* Generally, a delay approaching one year is presumptively prejudicial. *Id.* at 589-90; *United States v. Ward*, 211 F.3d 356, 361 (7th Cir. 2000) (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)). Here, we have a delay of over one year in the prior indictment. Defendants were indicted on May 4, 2005, and the Court dismissed the case on December 4, 2006. Such a delay before trial is uncommonly long, and therefore, this prong weighs against the government. Accordingly, we now apply the other factors in the analysis.

Before doing so, however, the Court will dispose of Defendants' remaining arguments regarding the length of the delay. Defendants assert that the time between the dismissal of the first indictment and the re-indictment (December 4, 2006 - February 7, 2007) should also be included for the speedy trial calculation. (Loera Mem. at 6-7.) But the Sixth Amendment only applies to the accused. *United States v. Samples*, 713 F.2d 298, 301 (7th Cir. 1983). Therefore, it "has no application prior to arrest or indictment." *United States v. Wallace*, 326 F.3d 881, 885 (7th Cir. 2003). When Defendants lost their status as the accused, they also "lost the Sixth Amendment's guarantee of a prompt trial." *Samples*, 713 F.2d at 301. Thus, the two months

4

between the dismissal and the re-indictment when Defendants were "legally and constitutionally in the same posture as though no charges had been made" do not count towards the constitutional delay.[2]  *Id.* (quoting *United States v. MacDonald*, 456 U.S. 1, 102 S. Ct. 1497, 1503 (1982)).

Defendants also claim that the time between the filing of the state charges and the federal indictment (six months) should be included in the speedy trial analysis.  (Loera Mem. at 8.)  They are mistaken.  The state arrest does not trigger the Sixth Amendment speedy trial right.  *See Wallace,* 326 F.3d at 885 ("[A]rrest [ ] made by state authorities on a state charge . . . does not start the Sixth Amendment speedy trial clock for purposes of the subsequent federal charge.") (citing *United States v. Dickerson*, 975 F.2d 1245, 1252 (7th Cir. 1992)).  Thus, the six months preceding the federal indictment need not be included in our speedy trial discussion.[3]

Next, the Court must examine who was more to blame for the delays.  Both Defendants and the government filed several motions to continue the trial.  For example, Loera's attorney filed a motion to continue on August 22, 2005; the government filed one on October 26, 2005, and Bennett's attorney filed one on January 5, 2006.  Defendants did not object to the continuance granted to the government.  On January 25, 2006, the government filed a motion for an over four-month continuance on behalf of itself and both Defendants.  Defendants did not

---

[2] Courts have recognized that undue delay in re-indicting defendants can be a due process clause violation.  *See Samples*, 713 F.2d at 301-02.  Defendants have not made such a claim, nor could they.  *See id.* at 302 (holding that a twenty-month period between indictments is constitutional).

[3] Again, courts have recognized that delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment.  *Wallace*, 326 F.3d at 886.  Defendants have not made any such argument nor have they made the required showing.  *See id.* (to prove a due process violation, defendants must show that (1) the pre-indictment delay caused substantial prejudice; and (2) the delay was an intentional device to gain tactical advantage over the accused.)

5

oppose the Motion. Indeed, the parties had struck a deal. In exchange for their release from custody, Defendants agreed to go along with the continuance. Thus, they both were released from custody. The trial then was set for June 5, 2006. On May 31, 2006, the parties decided that they wanted a bench trial, which was then scheduled for June 6, 2006. After the pre-trial hearing on June 6, 2006, Defendants did an about face and decided that they wanted a jury trial after all. This prompted a continuance by Loera's attorney on June 7, 2006. In that motion, Loera's attorney asserted that the government had recently tendered documents that he needed to review. Subsequently, more motions to continue were filed on July 13, 2006 (by the government), on August 1, 2006 (by Bennett's lawyer), and on November 8, 2006 (by the government). As is apparent, both sides filed several motions for continuances. Nevertheless, we find that this factor weighs slightly against the government, because some (although not all) of Defendants' continuances were requested because the government failed to provide discovery to Defendants. We weigh this factor lightly for another reason. The failure to turn over the discovery by the government was not because of bad faith, neglect or an attempt to gain a tactical advantage. Rather, the government was attempting to prevent the exposure of another ongoing investigation. *See Doggett v. United States*, 505 U.S. 647, 657 (1992) (noting that "'different weights are to be assigned to different reasons' for delay") (citing *Barker v. Wingo*, 407 U.S. 514, 531 (1972)) (alteration omitted).

As for the third factor, Defendants never objected to the several motions to continue that were filed from August 2005 through November 2006, until November 2006. Indeed, Defendants represented in January 2006 that they consented to the over four-month continuance as it was conditioned upon their release from jail. Only ten months later did Defendants voice

6

their objection to this lengthy continuance and three other delays.  As apparent, Defendants did not speak up and demand a quick resolution in the case.  This factor therefore weighs heavily against Defendants.  *See White*, 443 F.3d at 590-91 (finding that objection to continuance three months after delay does not weigh strongly in defendant's favor when examining third prong); *Ward*, 211 F.3d at 361 (finding that the third factor did not weigh strongly in favor of the defendant when he only "asserted his right to a speedy trial after much of the alleged improper delay had occurred").

Finally, the fourth factor – involving prejudice to the defendant – also does not support a constitutional violation.  We examine this prong "in light of the interests protected by the right: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that defense will be impaired."  *White*, 443 F.3d at 591 (citation and quotation marks omitted).  Defendants were released from jail in January 2006, and remain on bond for their second indictment.  Furthermore, neither Defendant has demonstrated anxiety or concern, and they concede that they cannot show prejudice to their ability to present a defense.  (Loera Mem. at 9.)  Plainly, Defendants have "suffered no demonstrable prejudice aside from incarceration."  *White*, 443 F.3d at 591; *Ward*, 211 F.3d at 361 (finding that simply the stress and anxiety of being incarcerated and the defendant's anxiety and concern, without allegations that the delay impaired the defendant's ability to present his defense, were "insufficient to tip the scales in [defendant's] favor"); *United States v. Scott*, 850 F.2d 316, 321 (7th Cir. 1988) ("[T]o show that the government's delay prejudiced [defendant] in a constitutionally significant sense, [defendant] must offer evidence of anxiety beyond that which reasonably corresponds with a criminal prosecution, conviction, and imprisonment.").

7

Accordingly, this factor also weighs against Defendants.

After carefully balancing the four factors, the Court finds that Defendants' Sixth Amendment rights to a speedy trial were not violated.

### III.  CONCLUSION

For the above reasons, Defendant Loera's Motion to Dismiss [DE 23] and Defendant Bennett's Motion to Dismiss [DE 25] are **DENIED**.

**SO ORDERED.**

ENTERED: April 18, 2007

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT